UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALISHA SILBAUGH,<br><br>                Plaintiff,<br><br>   v.<br><br>JANET DHILLON,<br><br>                Defendant. | CASE NO. 3:19-CV-05591-BHS<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING PLAINTIFF LEAVE TO AMEND, AND RENOTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* |

      Plaintiff Alisha Silbaugh, proceeding *pro se*, filed this action pursuant to the Americans with Disabilities Act ("ADA"). *See* Dkt. 1-1. The District Court has referred Plaintiff's pending Application to Proceed *In Forma Pauperis* ("IFP") and Proposed Complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19.

      Having reviewed and screened Plaintiff's Proposed Complaint under 28 U.S.C. § 1915(e)(2), the Court finds Plaintiff has failed to state a claim. The Court dismisses Plaintiff's Proposed Complaint without prejudice, re-notes the pending Application to Proceed IFP, and

provides Plaintiff leave to file an amended pleading by August 15, 2019, to cure the deficiencies identified herein.

**I. Background**

Plaintiff alleges that she filed a complaint with the Equal Employment Opportunity Commission ("EEOC") for sexual harassment, retaliation, and a failure to accommodate her disability based on acts that occurred while she was employed at the Department of Veterans Affairs ("VA") during 2013 and 2014. Dkt. 1-1, pp. 2-3. Plaintiff claims that in "March 2017, the parties entered into a settlement agreement and on March 6, 2017," and as such, Plaintiff "withdrew" her EEOC complaint. *Id.* at p. 3. Plaintiff, though unclear, asserts that on August 17, 2017, the VA "issued a decision voiding" the settlement agreement because the agreement was not in writing. *Id.* Plaintiff appears to allege she "appeal[ed]" the VA's decision to the EEOC, which found the VA "properly determined" the unwritten settlement agreement lacked consideration. *Id.* Thereafter, Plaintiff alleges the EEOC remanded the matter to the VA, which issued Plaintiff a notice of her right to file a complaint. *Id.* Further, Plaintiff asserts that, around November 2018, she was awarded "'permanent and total' disability at the 100% compensated rate" based on the EEOC complaint. *Id.* at p. 2.

Plaintiff alleges these acts violated her rights under the ADA. Dkt. 1-1, p. 2. Specifically, Plaintiff states she is suing for "discriminatory conduct" under the ADA for "failure to accommodate" a disability; "[u]nequal terms and conditions" of her employment; "[r]etaliation"; and "[b]reach of contract to settle[.]" *Id.* The only defendant in Plaintiff's Proposed Complaint is Janet Dhillon, Chair of the EEOC. *See id.* at p. 1.

## II. Discussion

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An in IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is clear a *pro se* plaintiff cannot cure the deficiencies of a complaint, the Court will provide the *pro se* plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Here, Plaintiff's Proposed Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint. As stated above, the Court is required to liberally construe *pro se* documents. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

As an initial matter, the Court notes that although Plaintiff states she is suing under the ADA related to her former employment with the VA, "[t]he Rehabilitation Act provides the exclusive remedy for federal employees alleging disability discrimination[.]" *See Bukiri v. Lynch*, 648 Fed. Appx. 729, 731 (9th Cir. 2016); *see also Candelaria v. United States*, 2014 WL 4352111, at *2 (W.D. Wash. Sept. 2, 2014) (citing *Johnston v. Horne*, 875 F.2d 1415, 1420 (9th Cir. 1989)) ("the Rehabilitation Act provides the exclusive remedy for employment discrimination claims based on disability" for federal employees). As Plaintiff brings disability discrimination claims related to her former status as a federal employee, she cannot bring these claims under the ADA. *See, e.g.*, *Villaflor v. U.S. Postal Service*, 2017 WL 2903213, at *2 (W.D.

Wash. July 7, 2017) (dismissing an ADA claim "because the ADA does not apply to federal employers"); *see also Bukiri*, 648 Fed. Appx. at 731; *Johnston*, 875 F.2d at 1420.

Further, though Plaintiff's Proposed Complaint is short, it does not contain a plain statement showing she is entitled to relief. In the Proposed Complaint, Plaintiff describes various facts about a settlement agreement with the VA and an EEOC complaint. While Plaintiff broadly asserts the settlement agreement was "breach[ed]," her allegations are disjointed and do not explain who breached the agreement or how it was breached. *See* Dkt. 1-1, pp. 2-3. Plaintiff likewise provides no factual allegations supporting her claims of "discriminatory conduct." For example, Plaintiff's allegations do not state how Defendant Dhillon or any other person discriminated against her, failed to accommodate her disability, or retaliated against her.

In sum, Plaintiff has failed to provide clarity regarding the nature of her claims sufficient to show what happened, when it happened, who was involved, and how those acts violated her rights. As such, Plaintiff has not stated a short and plain statement of a claim showing she is entitled to relief. *See Iqbal*, 556 U.S. at 678 (2009) (a pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"); *see also Twombly,* 550 U.S. at 545 (to state a claim for relief, "[f]actual allegations must be enough to raise a right to relief above the speculative level").

### III. Instructions to Plaintiff and the Clerk

Due to the deficiencies described above, the Court finds Plaintiff has failed to state a claim. Therefore, the Court dismisses Plaintiff's Proposed Complaint without prejudice. If Plaintiff intends to pursue to this action, she must file an amended complaint on or before August 15, 2019. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended complaint to determine

whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. If Plaintiff fails to file an amended complaint or otherwise respond, the undersigned will recommend that the Application to Proceed IFP be denied and that the case be closed.

If Plaintiff submits an adequate complaint, the Court will consider the Application to Proceed IFP. The Clerk is directed to re-note the Application to Proceed IFP (Dkt. 1) for consideration on August 15, 2019.

Dated this 16th day of July, 2019.

David W. Christel
United States Magistrate Judge